<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JOSHUA NEIDER, | : | Civil Action No. 19-21080 (SRC) |
|  | : |  |
| Plaintiff, | : |  |
|  | : | OPINION |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF SOCIAL SECURITY, | : |  |
|  | : |  |
| Defendant. | : |  |

<u>**CHESLER, District Judge**</u>

  This matter comes before the Court on the appeal by Plaintiff Joshua Neider ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

  In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning February 1, 2015. A hearing was held before ALJ John Campbell (the "ALJ") on October 3, 2018, and the ALJ issued an unfavorable decision on November 28, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of November 28, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain additional exertional and non-exertional limitations. At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with three arguments: 1) at step two, the ALJ improperly found Plaintiff's mental health problems not to be severe; 2) "the ALJ repeatedly dismissed opinion evidence throughout the record" (Pl.'s Br. 13); and 3) the ALJ failed to properly consider Plaintiff's obesity as required by SSR 02-1p.

Plaintiff's arguments suffer from two principal defects: 1) they fail to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) they fail to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of

a governmental agency determination.   The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."   Id.   In such a case, "the claimant has the 'burden' of showing that an error was harmful."   Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.   At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability.   In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.   It is not enough to show the presence of an error.   Pursuant to Shinseki, Plaintiff bears the burden of proving that he was harmed by this error.   Plaintiff's brief, however, fails to recognize this. Instead of demonstrating that any alleged error was material and prejudicial, Plaintiff argues only that the ALJ erred.   None of Plaintiff's arguments are even directed to satisfying the requirements of Shinseki.   Since Plaintiff, on appeal, must demonstrate that an error was harmful, but has failed to do so, the Court concludes that Plaintiff has not satisfied the requirements of Shinseki.

Plaintiff first challenges the ALJ's decision at step two, where the ALJ found that Plaintiff had six severe impairments, but determined that Plaintiff's depression and anxiety were not severe.   (Tr. 18.)   Plaintiff argues that the ALJ erred at step two under Third Circuit law, which may be true, but cannot be more than harmless error.   The Third Circuit has interpreted the relevant Rulings and Regulations to hold that "[t]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims."   Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003).   The Newell Court further emphasized:

> An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have "no more than a minimal effect on an individual's ability to work." SSR 85-28, 1985 SSR LEXIS 19 at *6-8. Only those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits at step two. *See Bowen*, 482 U.S. at 158 (O'Connor, J., concurring). If the evidence presented by the claimant presents more than a "slight abnormality," the step-two requirement of "severe" is met, and the sequential evaluation process should continue. *See Smolen v. Chater*, 80 F.3d at 1290. Reasonable doubts on severity are to be resolved in favor of the claimant.

Newell, 347 F.3d at 546; accord McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) ("The burden placed on an applicant at step two is not an exacting one. . . . Any doubt as to whether this showing has been made is to be resolved in favor of the applicant.") In McCrea, the Third Circuit reaffirmed the severity standard announced in Newell and added that, in light of the low threshold for severity, findings that an impairment is not severe "should be reviewed with close scrutiny" and are "certain to raise a judicial eyebrow." McCrea, 370 F.3d at 357.

This Court agrees with Plaintiff that, under the *de minimis* standard set forth in Third Circuit law, the ALJ erred in his decision that Plaintiff has only six severe impairments: while this Court finds the evidence of record about the severity of Plaintiff's depression and anxiety to be weak, McCrea clearly holds that any such doubts must be resolved in favor of the claimant. McCrea, 370 F.3d at 360. Under Shinseki, however, to prevail on appeal, Plaintiff must also show that an error was prejudicial, and he has not done so. At step two, the ALJ found six other severe impairments. Had the total count been seven or more, instead of six, it would not have made any difference to the outcome. This Court finds no basis to conclude that Plaintiff was prejudiced by the ALJ's errors at step two.

Plaintiff also argues that, at step four: "the ALJ included no mention whatsoever of

4

Plaintiff's depression, anxiety or related fatigue in his RFC determination." (Pl.'s Br. 17.) Plaintiff does not develop this point by mustering the evidence and demonstrating that, but for the alleged error, Plaintiff might have proven at step four that his mental health conditions were disabling, as Shinseki requires.

Next, Plaintiff contends that "the ALJ repeatedly dismissed opinion evidence throughout the record." (Pl.'s Br. 18.) Plaintiff explains that what this means is that the ALJ gave little weight to the opinions of two treating physicians and the state agency reviewers. Plaintiff argues that the "ALJ failed to provide reasoning for dismissing these opinions." (Pl.'s Br. 18-19.) The record does not support Plaintiff's assertion: the ALJ explained the reasons for giving little weight to the opinion of Dr. Barrett on page 25, Dr. Facciolo on page 25, Dr. Simkins on page 25, and Dr. Shahinian on page 25. Plaintiff does not challenge in any way the explanations that the ALJ provided for the weight he gave each of these opinions. Plaintiff has provided no basis for this Court to find that the ALJ erred, much less that Plaintiff was harmed by the error.

Last, Plaintiff argues that, at step four, the ALJ failed to properly consider Plaintiff's obesity as required by SSR 02-1p. Plaintiff does not, however, point to any specific requirement stated in SSR 02-1p that the ALJ allegedly violated. Plaintiff contends that the ALJ's treatment of obesity at step four was "cursory," but cites no law in support of this assertion. (Pl.'s Br. 20.) Surprisingly, Plaintiff fails to cite the Third Circuit case that speaks most directly to this argument, Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009). In Diaz, the Third Circuit stated: "Were there any discussion of the combined effect of Diaz's impairments, we might agree with the District Court" (that the ALJ did not err.) Id. at 504. In the instant case, at step four, the ALJ stated that he considered the combined effect of Plaintiff's

5

obesity in combination with his other impairments. (Tr. 25.) Thus, the ALJ stated that he considered the issue, as required by Third Circuit law. In <u>Diaz</u>, the ALJ made no reference to the consideration of obesity at step three. <u>Diaz</u> is thus distinguishable. Because, in the instant case, the ALJ stated that he considered the combined effect of obesity with the other severe impairments, and because the <u>Diaz</u> Court stated that <u>any</u> discussion might be sufficient, this Court concludes that the ALJ's statement that he considered the combination of impairments is sufficient under Third Circuit law.

Furthermore, SSR 02-1p, which is directed to the consideration of obesity in the sequential analysis, does not support Plaintiff's step four argument, but weakens it:

> We will also find equivalence if an individual has multiple impairments, including obesity, no one of which meets or equals the requirements of a listing, but the combination of impairments is equivalent in severity to a listed impairment.
> . . .
> However, we will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. We will evaluate each case based on the information in the case record.

2002 SSR LEXIS 1 at *14-15. Plaintiff here did not even attempt to make a demonstration, grounded in the evidence of record, that obesity increased the severity or functional limitations of another impairment. Plaintiff has not persuaded this Court that the ALJ erred, much less that he was harmed by any error.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that Plaintiff was harmed by any errors.   This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                                 s/ Stanley R. Chesler
                                                                 STANLEY R. CHESLER, U.S.D.J.

Dated: December 28, 2020